Leon T. **DENMON**, Petitioner,

v.

**UNITED STATES POSTAL SERVICE**, Respondent.

No. 00–3393.

United States Court of Appeals, Federal Circuit.

March 8, 2001.

Before NEWMAN, RADER, and GAJARSA, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Leon Denmon petitions for review of the decision of the Merit Systems Protection Board, Docket No. CH0752990364–I–1, sustaining his demotion by the Postal Service from the position of Associate Supervisor to the position of Mail Handler due to his misuse of his government travel credit card. We *affirm* the decision of the Board.

*Background*

After an unblemished career as a mail handler, Mr. Denmon was selected for training as a supervisor and, following completion of the training program, promoted to a supervisory position in December of 1997. In September 1998 the agency issued Mr. Denmon a credit card for use while traveling on official agency business. In December 1998 and January 1999, Mr. Denmon used the card to obtain several cash advances totaling over three thousand dollars for his personal use. Mr. Denmon acknowledges that the cash advances were used for gambling.

When the agency learned of Mr. Denmon's misuse of his credit card, it initially proposed to remove him from his position. The deciding official, however, considering Mr. Denmon's unblemished service as a mail handler and his willingness to accept responsibility for his actions and seek help for his gambling habit, mitigated the penalty to a demotion to the mail handler position from which he had been promoted a year earlier.

Mr. Denmon appealed to the Board, which found that the agency had proven the charge against Mr. Denmon, that there was a nexus between the charge and the efficiency of the service, and that the penalty of demotion was reasonable. The

Board sustained the agency's action, and this appeal followed.

*Discussion*

Mr. Denmon acknowledges that he misused his government travel credit card and does not seriously dispute that there is a nexus between this misuse and the efficiency of the service. However, he argues that the Board should have mitigated the penalty to only a reprimand. He asks this court to vacate the Board's decision and award compensatory damages.

In support, Mr. Denmon argues that other employees caught misusing government travel credit cards have been treated less severely than he. The Administrative Judge found that disparate treatment was not established, citing *Combs v. USPS,* 41 M.S.P.R. 304, 308 (1989) ("The appellant did not show that differing penalties were meted out for similar offenses occurring in his own work unit."), and that the punishment was appropriate to the seriousness of the offense, citing *Stevenson v. Department of Defense,* 55 M.S.P.R. 625, 631 (1992), and *Quander v. Department of Justice,* 22 M.S.P.R. 419, 423 (1984)( "where an employee's punishment is appropriate to the seriousness of the offense, an allegation of disparate treatment may provide no basis for reversal.") We discern no error in these rulings.

Mr. Denmon argues that the AJ failed to consider the "unusual job tension" to which he had been subjected and his resulting medical condition. Mr. Denmon explains that his gambling addiction is the result of post traumatic stress disorder brought on by an armed robbery at a postal facility during which he was forced to lie face down on the ground with a gun held to his head. He describes symptoms such as nightmares and flashbacks which followed the robbery and asserts that these events led to his gambling addiction, which in turn led to his misuse of the credit card. He states that these circumstances, properly considered, show the unreasonableness of the punishment.

It is indeed appropriate to consider job stress and psychological disturbance along with the other *"Douglas* factors," *see Douglas v. Veterans Admin.,* 5 M.S.P.R. 280 (1981), when evaluating the reasonableness of a personnel action. The record shows that both the agency and the Board considered Mr. Denmon's explanation, and concluded that further mitigation was not warranted. We discern no error in this conclusion.